IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-MJ-1219-RJ-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CORY SCOTT ALFORD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court today for a preliminary examination on the criminal complaint against Defendant and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant pending further proceedings. The government presented the testimony of William Thomas Francis, Jr., an agent with the Federal Bureau of Investigation. The court also reviewed the pretrial services report, which was prepared by the probation office and provided to the parties in advance of the hearing. Defendant was represented by counsel and presented the testimony of Laura Parks, Defendant's mother, as a proposed third-party custodian.

The court finds that the credible information presented establishes probable cause to support the criminal complaint. In addition, having considered the record pursuant to 18 U.S.C. § 3142(g), the law requires that Defendant be detained pending further proceedings based on the following principal findings and reasons: (1) the strength of the government's case, (2) Defendant's criminal history including: (i) committing offense in multiple jurisdictions, (ii) committing offenses while on probation, (iii) a history of probation violations and revocation, (iv) allegedly committing the instant offense having been released on bond related to drug charges pending in state court (3) Defendant's apparent substance abuse as reflected in the pretrial services report, and (4) other

findings and reasons stated in open court. Considerations cited by Defendant's counsel at the hearing as mitigating, including the testimony of Defendant's mother, do not outweigh factors favoring detention.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 6th day of January 2015.

Robert B. Jones, Jr.,
United States Magistrate Judge